**FILED
CLERK**

9/21/2012 4:13 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DISH NETWORK L.L.C., ECHOSTAR
TECHNOLOGIES L.L.C., and
NAGRASTAR L.L.C.,
                                         MEMORANDUM & ORDER
                Plaintiffs,              11-CV-2894(JS)(GRB)

        -against-

DAVID FRIEDMAN,

                Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:    Mahendra M. Ramgopal, Esq.
                   Law Office of Mahendra M. Ramgopal
                   54 Franklin Street, Ground Floor
                   New York, NY 10013

For Defendant:     No appearances.
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R"), issued on August 31, 2012. For the following reasons, the Court ADOPTS this R&R in its entirety.

BACKGROUND

Plaintiffs Dish Network L.L.C. ("Dish Network"), Echostar Technologies L.L.C. ("Echostar") and NagraStar L.L.C. ("NagraStar," and, collectively, "Plaintiffs") commenced this action on June 16, 2011 against Defendant David Friedman ("Defendant") asserting claims under the Digital Millennium Copyright Act, 17 U.S.C. § 1201 et seq., the Communications Act

of 1934, 47 U.S.C. § 605 et seq., and the Electronic Communications Privacy Act, 18 U.S.C. § 2511 et seq. and seeking monetary and injunctive relief. Defendant did not answer or otherwise appear in this action. Plaintiffs moved for an entry of default on September 19, 2011 (Docket Entry 4), which was entered by the Clerk of the Court on September 21, 2011 (Docket Entry 5). On September 30, 2011, Plaintiffs moved for default judgment on its Electronic Communications Privacy Act claim[1] (Docket Entry 6), and on October 11, 2011, the Court referred Plaintiffs' motion for an R&R (Docket Entry 7).

Judge Brown issued his R&R on August 31, 2012 recommending that Plaintiffs' motion for a default judgment be granted in part and denied in part--i.e., to the extent that Plaintiffs' motion seeks a default judgment in favor of Echostar and NagraStar, the motion be denied and, to the extent that Plaintiffs' motion seeks a default judgment in favor of Dish Network, the motion be granted. Judge Brown also recommended that Dish Network be awarded statutory damages in the amount of $10,000 and a permanent injunction.

No party has objected to any portion of Judge Brown's R&R.

---

[1] Plaintiffs request that, if their motion for a default judgment on the Electronic Communications Privacy Act claim is granted, all remaining claims be voluntarily dismissed with prejudice so that a final judgment can be entered in this case.

2

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, no party objected to Judge Brown's R&R. And the Court finds his R&R to be correct, comprehensive, well-reasoned and free of any clear error. Accordingly, the Court ADOPTS it in its entirety.

CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Judge Brown's R&R is ADOPTED in its entirety;

2. Plaintiffs' motion for a default judgment on their Electronic Communications Privacy Act claim is GRANTED IN PART and DENIED IN PART. To the extent that Plaintiffs' motion seeks a default judgment in favor of Echostar and NagraStar, Plaintiffs' motion is DENIED, and Echostar and NagraStar's Electronic Communications Privacy Act claims are hereby DISMISSED WITH PREJUDICE. To the extent that Plaintiffs' motion

seeks a default judgment in favor of Dish Network, Plaintiffs' motion is GRANTED. It is further ORDERED that:

    3. Dish Network is awarded statutory damages on its Electronic Communications Privacy Act claim in the amount of $10,000 against Defendant;

    4. Defendant and anyone acting in active concert or participation with or at the direction or control of Defendant are hereby PERMANENTLY ENJOINED from:

        a. intentionally intercepting Dish Network's satellite transmissions without Dish Network's authorization through any means including Internet Key Sharing (also known as Control Word Sharing); and

        b. testing, analyzing, reverse engineering, manipulating or otherwise extracting codes or other technological information or data from Dish Network's satellite television receivers, access cards, data stream, or any other part or component of Dish Network's security system or other technology used to gain access to Dish Network's programming including through the use of Internet Key Sharing (also known as Control Word Sharing).

It is further ORDERED that:

    5.    All remaining claims are voluntarily DISMISSED WITH PREJUDICE.

The Clerk of the Court is directed to enter judgment consistent with this Memorandum and Order and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    September __21__, 2012
          Central Islip, NY